```
                                              FILED IN CHAMBERS
                                                U.S.D.C ATLANTA

                                            Date: Jul 22 2021

                                            KEVIN P. WEIMER , Clerk
        United States District Court
         NORTHERN DISTRICT OF GEORGIA       By: s/Kevin Morris
                                                   Deputy Clerk
```

UNITED STATES OF AMERICA

v.

**CRIMINAL COMPLAINT**
Case Number: 3:21-MJ-002

Stefan Eberhard Zappey

**UNDER SEAL**

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between on or about 2007 and continuing through 2010, in and about Stuttgart, Germany, outside of the jurisdiction of any particular State or District and within the venue of the United States District Court for the Northern District of Georgia, as provided by 18 U.S.C. § 3238, defendant did knowingly engage in a sexual act with another person who had not attained the age of 12 years and engaged in conduct outside of the United States that would constitute an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States and the defendant engaged in this conduct while employed by the Armed Forces outside the United States, in violation of Title 18, United States Code, Section(s) 2241(c), 3238, and 3261(a).

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

_____
Signature of Complainant
Stephanie Connelly

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me by telephone pursuant to Federal Rule of Criminal Procedure 4.1

July 22, 2021                                at   Atlanta, Georgia
Date                                              City and State

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE               _____
Name and Title of Judicial Officer           Signature of Judicial Officer
AUSA Leanne Marek
leanne.marek@usdoj.gov

# AFFIDAVIT IN SUPPORT OF A
# CRIMINAL COMPLAINT AND ARREST WARRANT

I, Stephanie Connelly, Special Agent with the Federal Bureau of Investigation, depose and say under penalty of perjury:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since March 2016. I am currently assigned to the FBI's Criminal Investigative Division, Violent Crimes Against Children Section, Child Exploitation Operational Unit (CEOU) where we actively investigate large-scale, complex, and international child sex crime cases including online child pornography and child sex tourism. Prior to February 2020, I was assigned to the Los Angeles Field Office where I worked on the Violent Crimes Against Children Squad from August 2016 until January 2020. In that capacity, I was assigned to a multi-agency child exploitation task force known as the Southern California Regional Sexual Assault Felony Enforcement ("SAFE") Team, as well as the Child Exploitation Task Force ("CETF") where I investigated criminal violations relating to child exploitation and child pornography, including violations of Title 18, United States Code, Section 2241(c).

2. The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during this investigation, as well as the observations of other law enforcement officers involved in this investigation. This affidavit contains information necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant charging STEFAN EBERHARD ZAPPEY with aggravated sexual abuse of a child in violation of 18

1

U.S.C. § 2241(c) and the Military Extraterritorial Jurisdiction Act (MEJA), 18 U.S.C. § 3261. Under 18 U.S.C. § 2241(c), it is an offense to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person who has not attained the age of 12 years in the special maritime and territorial jurisdiction of the United States.

4.  MEJA provides for jurisdiction over persons who commit offenses "outside the United States that would constitute an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States—(1) while employed by or accompanying the Armed Forces outside the United States[.]" 18 U.S.C. § 3261.  A person is "employed by the Armed Forces outside the United States" if he is "(A) employed as [] a civilian employee of [] the Department of Defense[;] (B) present or residing outside the United States in connection with such employment; and (C) not a national of or ordinarily resident in the host nation." 18 U.S.C. § 3267(1).  The conduct described herein constitutes an offense which would be punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

## BACKGROUND

5.  ZAPPEY is employed by the Armed Forces outside the United States as a civilian employee of the Department of Defense, Education Activity (DoDEA) located on a U.S. military installation near Stuttgart, Germany.  ZAPPEY has been employed as an elementary school teacher at Patch Elementary School located at U.S. Army Garrison-Stuttgart since 2001 where he taught a German language immersion class for dependent children of U.S. military service members stationed at or near U.S. Army Garrison-Stuttgart.

6.      ZAPPEY is a citizen of the United States[1] and is not a national of or ordinarily a resident in Germany.  On April 28, 2020, the Deputy Chief of the Sex Offenses section of the German Police Headquarters Stuttgart, Germany reviewed German citizenship registration databases and German passport records and found no entries indicating that ZAPPEY maintained German citizenship or paid German income taxes.

7.      ZAPPEY became a citizen of the United States through naturalization in 2000 and has maintained his United States citizenship during all periods relevant to the matters described in this affidavit.

8.      On June 24, 2021, ZAPPEY told U.S. Customs and Border Protection that he was solely a citizen of the United States and held no dual citizenship or residency elsewhere.

## PROBABLE CAUSE

9.      Between in or about 2007 and 2010, STEFAN EBERHARD ZAPPEY did knowingly engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a female child who had not attained the age of 12 years, which conduct would have constituted an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Sections 2241(c), 3238, and 3261(a).

10.     On or about March 5, 2020, Ms. Ann Ehrhardt, a teacher at Patch Elementary School reported that A.J. disclosed to her that she had been sexually abused by ZAPPEY between 2007 and 2008.  Investigators with the U.S. Army Criminal Investigation Division (CID) interviewed

---

[1] ZAPPEY is a former German citizen.  However, Section 17 of the German Nationality Act provides that "Citizenship is lost […] 2. by acquisition of a foreign citizenship[.]"  A translation of the German Nationality Act may be found at https://www.gesetze-im-internet.de/englisch_stag/englisch_stag.html.

A.J.[2], who reported that ZAPPEY was her third grade teacher and that ZAPPEY would call her to his desk during class and put his hand inside her shirt and put his hand inside the back of her pants to touch her buttocks. A.J. was approximately eight years old at the time of these offenses. She stated that she did not report the abuse at the time because she "didn't know it was wrong."

11.  Army CID investigators conducted canvass interviews of ZAPPEY's former students. During a recorded interview, former student M.H. disclosed that between 2008 and 2010, ZAPPEY would call her up to his desk, put her on his lap, put his hand inside her pants, and touch her genitals with his finger on multiple occasions. M.H. was approximately seven years old when ZAPPEY first touched her genitals. M.H. stated that the touching "was under my clothes" and "[t]here was slight penetration, but mostly he would just, like, keep his hand there for a long time." M.H. stated that this occurred throughout her first and second grade years and that she began reporting to the school nurse in third grade that she had stomach aches to avoid ZAPPEY's class.

12.  A.D. is another former student of ZAPPEY's who gave a recorded interview describing multiple occasions in 2007 when she was approximately eight years old when ZAPPEY touched her genitals. A.D. reported that the first time ZAPPEY touched her genitals, she wore a purple skirt and that ZAPPEY laid her on a red couch in the classroom. A.D. stated that ZAPPEY moved her underwear aside and spread her labia with his fingers. A.D. reported a second occasion where ZAPPEY had her lay on the red couch to read a book and moved her shorts and underwear aside to touch her labia. A.D. reported that "things felt wet" when he touched her genitals on that occasion. A.D. stated that ZAPPEY touched her genitals on a third occasion as well.

---

[2] Minors are referred to in this affidavit by their initials; their full names are known to your affiant.

13.     Army CID investigators interviewed more of ZAPPEY's former students who reported that he touched students on their stomachs and backs. M.T. stated that ZAPPEY lifted her shirt to rub her belly and back with his bare hand and it was common for ZAPPEY to touch students when he called them to his desk.  Other former students reported similar touching, including A.M. and E.C.  L.B. reported that ZAPPEY touched around her nipples.

14.     Army CID investigators also conducted canvass interviews of current students and staff members at Patch Elementary School.  Multiple current students describe sitting on ZAPPEY's lap and placing their heads on his lap, but they state that this touching does not make them uncomfortable.

15.     Fourth grade teacher Mr. Paul Kerr and faculty member Mrs. Ashante Halsey both witnessed multiple occasions where ZAPPEY hugged students at "crotch level."  Faculty member Mr. Andrew Lesko stated he has known ZAPPEY for eight years and that ZAPPEY would train students to become "really touchy feely."

16.     Faculty member Ms. Amy Rush stated, "I have witnessed on several occasions what I deem as inappropriate touching of students by Mr. Zappey.  Examples of this touching is running his fingers through girls [sic] hair, sitting students on his lap, hugging students based on the placement of their faces as they are hugged, picking up students when they run up to him and letting them wrap their legs around him, and just being over touchy feely with students.  On one occasion he sat on the gym floor and straddled his legs and had a little girl sitting between his legs."  Ms. Rush's mother, Mrs. Mildred Edwards, visited Patch Elementary and saw ZAPPEY place a female student between his legs close to his "private area."

17.     Faculty member Mrs. Julie Taylor stated she worked with ZAPPEY for approximately 15 years and that she witnessed him touch female students very affectionately.  Mrs. Taylor stated

that the interactions made her very uncomfortable and she would not interact with the students in that manner. Mrs. Juanita Johnson stated she has known ZAPPEY for approximately 10 years and that she witnessed children straddle Mr. Zappey with their legs wrapped around him. Faculty member Mrs. Adrienne Smith described ZAPPEY as very "touchy" with his students. Faculty member Ms. Lisa Steele stated that she witnessed ZAPPEY being "hands-on" with female students and that ZAPPEY's conduct made her uncomfortable.

18.     I learned recently that ZAPPEY and his wife traveled to the United States from Germany on June 24, 2021 and are scheduled to return to Germany on July 27, 2021. Per an interview conducted by U.S. Customs and Border Protection, ZAPPEY stated that they would be staying with a relative of ZAPPEY'S wife at a home in Annapolis, Maryland, but would also be visiting a relative who is out of state. I have learned that ZAPPEY has a daughter in Georgia who is in the military. Pursuant to a search warrant issued by the District of Maryland on July 21, 2021, I have learned that a cellular phone assigned to ZAPPEY was located in Fayetteville, Georgia, in the Northern District of Georgia (NDGA) on July 22, 2021. An arrest in the NDGA confers venue for ZAPPEY's MEJA offenses to be prosecuted in the NDGA pursuant to 18 U.S.C § 3238.

19.     Based on the foregoing, I submit there is probable cause to believe STEFAN EBERHARD ZAPPEY did knowingly engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a female child who had not attained the age of 12 years, which conduct would have constituted an offense punishable by imprisonment for more than 1 year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Sections 2241(c), 3238, and 3261(a).